**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION**

| | | |
|---|---|---|
| CORDARION K. THOMPSON, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 1:22-cv-01092-SHM-tmp |
| | ) | |
| CODY HAYS, | ) | |
| Defendant. | ) | |

**ORDER DIRECTING CLERK TO MODIFY DOCKET,
DISMISSING  COMPLAINT WITHOUT PREJUDICE,
AND GRANTING LEAVE TO AMEND**

On May 12, 2022, Plaintiff Cordarion K. Thompson filed a *pro se* civil complaint under 42 U.S.C. § 1983.  (ECF No. 1.)  When Thompson filed the complaint, he was confined at the Obion County Jail in Union City, Tennessee.  (*Id*. at PageID 2.)  The Court granted leave to proceed *in forma pauperis* and assessed the civil filing fee in accordance with the Prison Litigation Reform Act (the "PLRA"), 28 U.S.C. §§ 1915, *et seq*.  (ECF No. 6.)

For the reasons explained below, Thompson's complaint is DISMISSED WITHOUT PREJUDICE.  Leave to amend is GRANTED.  The Clerk is DIRECTED to modify the docket to add Obion County, Tennessee, as a Defendant.

Thompson alleges that the events giving rise to his § 1983 complaint occurred while he was a pretrial detainee at the Obion County Jail.  (ECF No. 1 at PageID 4.)  Thompson alleges that on April 12, 2022, he was "tazed . . . for no reason," while his hands were "in the air."  (*Id*. at PageID 7.)  Thompson alleges that Cody Hays, a corrections officer at the jail, entered Thompson's pod to "do a security check," and Thompson asked Officer Hays to "speak to Kent Treece."  (*Id*. at PageID 6.)  It is not clear from the complaint who Treece is or why Thompson wanted to speak

to Treece.  (*See id*.)  Thompson alleges that Officer Hays responded that, "his job is not to keep up with Kent Treece."  (*Id*.)  Thompson alleges that he told Officer Hays that he "was going to hurt himself."  (*Id*.)  Thompson alleges that Officer Hays radioed a supervisor and then "left the unit."  (*Id*.)  Thompson alleges that when Officer Hays returned, Officer Hays was carrying a paper gown.  (*Id*.)  Thompson alleges that Officer Hays entered Thompson's cell and instructed Thompson to "take off [his] jumpsuit."  (*Id*.)  Thompson alleges that he refused to take off his jumpsuit.  (*Id*.)  Thompson alleges that he asked to speak to Treece.  (*Id*.)  Thompson alleges "that's when [Officer Hays] tazed [him]."  (*Id*.)  Thompson alleges that when Officer Hays tazed him, Thompson's hands were in the air, and Thompson "was not being aggressive."  (*Id*.)

The Court construes Thompson's allegations against Officer Hays as a claim of excessive force.  (*See id*. at PageID 4, 6-7.)  Officer Hays is the only named Defendant.  (*Id*. at PageID 2.)  Thompson sues Officer Hays in his official capacity only.  (*Id*.)

Thompson alleges that Officer Hays' conduct caused Thompson to "fear for [his] life."  (*Id*. at PageID 4.)  Thompson seeks $100,000 in damages for his "pain and suffering."  (*Id*.)

## I.   SCREENING THE COMPLAINT

### A.   LEGAL STANDARD

The Court must screen prisoner complaints and dismiss any complaint, or any portion of it, if the complaint—

(1)   is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

(2)   seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint states a claim on which relief may be granted, the Court applies the standards under Federal Rule of Civil Procedure 12(b)(6), as stated in *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 677-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). Applying those standards, the Court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). The Court does not assume that conclusory allegations are true, because they are not "factual," and all legal conclusions in a complaint "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Twombly*, 550 U.S. at 555 (quoting Fed. R. Civ. P. 8(a)(2)). It also requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Id.* at 555 n.3 (quoting Fed. R. Civ. P. 8(a)(2)).

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

### B.    REQUIREMENTS TO STATE A CLAIM UNDER § 1983

Thompson sues under 42 U.S.C. § 1983. (ECF No. 1 at PageID 1.) To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States, and (2) that a defendant caused harm while acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

## II.    <u>ANALYSIS</u>

Thompson sues Officer Hays in his official capacity.   (ECF No. 1 at PageID 2.) Thompson's official capacity claims against Officer Hays are treated as claims against Officer Hays' employer at the time the complaint was filed—*i.e.*, Obion County, Tennessee ("the County"). The County may be held liable only if Thompson's injuries were sustained pursuant to an unconstitutional custom or policy of the County. *See Monell v. Dep't. of Soc. Servs.*, 436 U.S. 658, 691 (1978).

To demonstrate municipal liability, Thompson "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)).

Thompson's complaint does not allege any deprivation of a constitutional right because of a policy or custom of the County. Thompson's allegations are based on his particular experience with Officer Hays while confined at the Obion County Jail. (*See* ECF No. 1 at PageID 6.) Thompson does not state a claim to relief against the County or Officer Hays in his official capacity because Thompson fails to allege facts demonstrating any official policy or custom of the County, much less an unconstitutional policy or custom that injured Thompson.

Thompson's § 1983 claims against the County and his official capacity claims against Officer Hays are DISMISSED WITHOUT PREJUDICE for failure to allege facts stating a claim to relief.

III.    **AMENDMENT UNDER THE PLRA**

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint

to avoid a *sua sponte* dismissal under the PLRA. *Lucas v. Chalk*, 785 F. App'x 288, 291 (6th Cir.

2019) (citing *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013)). Leave to amend should

not be granted where a plaintiff cannot cure the deficiency in his complaint. *See Gonzalez-*

*Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001) ("If it is crystal clear that . . . amending

the complaint would be futile, then a *sua sponte* dismissal may stand."); *see also Curley v. Perry*,

246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that *sua sponte* dismissal

of a meritless complaint that cannot be salvaged by amendment comports with due process and

does not infringe the right of access to the courts").

The Court GRANTS leave to amend within 21 days of the date of this Order, and under

the guidelines set forth below.

An amended pleading must comply with the Federal Rules of Civil Procedure, including

but not limited to Rule 8's requirement of a short and plain statement of claims. If Thompson

decides to amend his claims, he shall: (1) comprehensively and particularly list, in <u>ONE</u> document,

all defendants and all claims within this Court's jurisdiction; and (2) submit the amended

complaint on the Court's official form: Complaint for Violation of Civil Rights Under 42 U.S.C.

§ 1983. (*See* https://www.tnwd.uscourts.gov/sites/tnwd/files/CivilRightsComplaint.pdf.)

An amended complaint supersedes the initial complaint and must be complete in itself

without reference to the prior pleadings. Thompson must sign the amended complaint, and the

text of the amended complaint must allege sufficient facts to support each claim without reference

to any extraneous document. Any exhibits must be identified by number in the text of the amended

complaint and must be attached to the complaint. Each claim for relief must be stated in a separate

count and must identify each Defendant sued on that count.  All claims alleged in the amended complaint must arise from the facts alleged in the complaint.

If Thompson fails to file an amended complaint in a timely manner, the Court will dismiss the complaint and enter judgment.  The Court recommends that any such dismissal of this case be treated as a strike pursuant to 28 U.S.C. § 1915(g).  *See Simons v. Washington*, 996 F.3d 350, 353 (6th Cir. 2021).  The "three strikes" provision of § 1915(g) prevents a court from granting *in forma pauperis* status to a prisoner who "has, on 3 or more prior occasions, while incarcerated . . . brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted."

## IV.   <u>CONCLUSION</u>

For the reasons explained above:

A.   Thompson's § 1983 claims against the County and his official capacity claims against Officer Hays are DISMISSED WITHOUT PREJUDICE for failure to allege facts stating a claim on which relief can be granted.  *See* §§ 1915(e)(2)(B)(ii) & 1915A(b)(1).

B.   Leave to amend is GRANTED.  Thompson may amend his claims within 21 days of the date of this Order, under the guidelines set forth *supra*.


IT IS SO ORDERED this <u>*18th*</u> day of April, 2025.


<u>*/s/ Samuel H. Mays, Jr.*</u>
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE